## NESTOR KANGAS v. STANDARD ACCIDENT·INSURANCE COMPANY.[1]

### December 7, 1917.

### No. 20,475.

**Accident insurance — construction of policy.**

The insured was accidentally hurled against and under a passing train of cars, and thereby sustained injuries resulting in the loss of his left arm and the fingers of his right hand. *Held* to be but one accident and one loss, within the meaning of an accident insurance policy, for which he was entitled to the full monthly accident indemnity provided for in the policy, during total disability not exceeding 48 months.

Action in the district court for St. Louis county to recover $1,920 upon an accident insurance policy. The answer alleged that by the terms of the policy plaintiff was not entitled to recover indemnity as set forth in the complaint, and that defendant was ready and willing to pay plaintiff such indemnity as he was entitled to. The case was tried before Cant, J., who denied defendant's motion to direct a verdict in favor of plaintiff for $50 and granted plaintiff's motion to direct a verdict for $162.05. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Abbott, MacPherran, Lewis & Gilbert,* for appellant.

*John Jenswold* and *John D. Jenswold,* for respondent.

[1]Reported in 165 N. W. 268.

QUINN, J.

By this action the plaintiff seeks to recover, upon an insurance policy, a monthly indemnity of $40 from the date of his injury to November 7, 1916, the date of the commencement of this action. At the conclusion of the trial the district court directed a verdict in favor of the plaintiff for the amount asked. Defendant moved for judgment notwithstanding the verdict, which was denied. Judgment was entered and defendant appealed.

There is no controversy over the facts. May 25, 1916, defendant issued a policy insuring the plaintiff against loss resulting from injury sustained by external violence, and against loss resulting from sickness contracted during the life of the policy. July 7, while walking along a railroad track, the plaintiff met a freight train moving at a high rate of speed. He stepped to one side between the main track and a side track where a box car was standing, when in some unaccountable way he was caught and accidentally hurled against and under the passing train in such manner that his left arm was so crushed and his right hand so mangled that it became necessary to immediately amputate all of the fingers of the right hand and the left arm near the shoulder. He remained under the care of a physician for 50 days. He was totally and permanently disabled. The decisive question is: Did the total disability give rise to a monthly accident indemnity within the meaning of the policy, or is the plaintiff limited to an indemnity for the specific loss of his left hand, under the provisions of Part II of the policy?

The indemnity for loss resulting from bodily injury sustained through external, violent and accidental means is provided for by the provisions of Parts I, II and III of the policy, which are as follows:

## PART I. SCHEDULE OF INDEMNITIES.

Principal Sum One Hundred Dollars ($100), Monthly Accident Indemnity Forty Dollars ($40), Monthly Sickness Indemnity Forty Dollars ($40).

## PART II. ACCIDENT INDEMNITY—SPECIFIC LOSSES.

If any one of the following specific losses shall result necessarily

and solely from such injury as heretofore described, within ninety days from the date of the accident, indemnity will be paid as follows:

a. For Loss of Life, The Principal Sum.

b. For Loss of Both Hands or of Both Feet or One Hand and One Foot (all by complete severance at or above the wrist or ankle), or for the Irrecoverable Loss of the Entire Sight of Both Eyes, The Prinicipal Sum.

c. For loss of Either Hand or of Either Foot (by complete severance at or above the wrist or ankle), One-half the Principal Sum.

d. For the Irrecoverable Loss of the Entire Sight of One Eye, One-third of The Principal Sum.

Not more than one of the indemnities provided in this Part II will be paid on account of loss resulting from any one accident. The occurrence of any loss for which indemnity is payable under this Part shall at once terminate this insurance.

## PART III. MONTHLY ACCIDENT INDEMNITY.

Indemnity under this Part shall not be paid for any disability resulting from loss for which provision is made in Part II.

a. TOTAL DISABILITY. If such injury as heretofore described alone shall immediately and continuously disable and prevent the Insured from performing any and every duty pertaining to his occupation or business, the Monthly Accident Indemnity as provided in Part I will be paid for the period of such disability not exceeding forty-eight consecutive months.

b. PARTIAL DISABILITY. Or, if such injury as heretofore described alone shall at once after the happening thereof or after a period of total disability continuously disable and prevent the Insured from performing work substantially necessary to his occupation or business, one-half the said Monthly Accident Indemnity will be paid for the period of such disability not exceeding six months; provided, however, that the combined period for which indemnity is payable under Paragraphs a and b of this Part shall not exceed forty-eight months from date of injury causing the loss."

The appellant contends that the testimony shows that the plaintiff met with two accidents and suffered two distinct injuries; that the injury which resulted in the loss of the left hand occurred prior to the injury to the right hand, and that the plaintiff is entitled to indemnity only for the loss of the left hand, because the policy provides that the occurrence of any loss for which indemnity is payable under Part II shall at once terminate the insurance.

Upon an examination of the policy and a consideration of the testimony, we find but little difficulty in arriving at the conclusion that there was but one accident and one injury, within the meaning of the insurance contract. The fact that, while he was struggling to save his life underneath the moving train, the plaintiff's left arm was crushed a moment before his right hand was mangled, cannot within reason be said to constitute two accidents and two distinct injuries. For instance, if, when the plaintiff was drawn underneath the passing train, a car wheel had passed over his hand thereby severing his four fingers, one at a time, could it be said that the event constituted four accidents and four distinct injuries to his body? We are of the opinion that the plaintiff met with but one accident and sustained but one loss, within the meaning of the policy.

While Part II contains the following clause:

"Not more than one of the indemnities provided in this Part II will be paid on account of loss resulting from any one accident. The occurrence of any loss for which indemnity is payable under this Part shall at once terminate this insurance,"

yet this provision has no application to the facts of the case under under consideration. It will be observed that, under the policy in question, the loss of the entire sight of one eye would constitute a specific loss for which the indemnity would be one-third the principal sum. So would the loss of one hand constitute a specific loss for which the indemnity would be one-half the principal sum. But if the policyholder were so unfortunate as to lose both an eye and a hand in the same accident, he could probably, under the above provision, recover for but one loss and further insurance would cease.

It is also argued that indemnity under Part III should not be paid for any disability resulting from loss for which provision is made in

Part II. The difficulty with this contention is that in the case at bar the loss is the entire left arm and the fingers of the right hand, and we fail to discover, under the head of specific losses, any reference to such a loss. We do, however, find provision for indemnity for total disability in paragraph a of Part III, which provides a monthly accident indemnity of $40 for the period of disability not exceeding 48 consecutive months.

Suppose, instead of losing the fingers of his right hand, respondent had, in addition to the loss of his left arm, sustained an injury to his spine which produced an immediate and total paralysis of the lower part of his body and destroyed the use of both feet. An accident policy which would not, in such a case, afford indemnity for the whole loss would be a delusion and a snare. We hold that the injury and loss of the insured entitle him to indemnity under paragraph a of Part III of the policy.

Affirmed.