ALBERT GOLDSTEIN, Respondent, *v.* STANDARD ACCIDENT INSURANCE COMPANY OF DETROIT, MICHIGAN, Appellant.

Fourth Department, December 22, 1922.

**Insurance — accident insurance — injury resulting in immediate loss of sight of one eye and in total disability — insured not limited to recovery for loss of eye but entitled to damages for total disability — policy construed.**

An insured, who suffered an injury which resulted in the immediate loss of the sight of one eye and in total disability, is not limited to recovery for the loss of his eye, but is entitled to damages for total disability under a policy known as a " complete disability contract " providing in article I that " If such injuries shall wholly and continuously disable the Insured from date of accident from performing any and every kind of duty pertaining to his occupation, and during the period of such continuous disability shall result, independently and exclusively of all other causes, in any one of the losses enumerated below, or within one hundred and eighty days from the date of the accident, irrespective of total disability, result in like manner in any one of such losses, the Company will pay the sum set opposite such loss and in addition weekly indemnity as provided in Article II to the date of death, dismemberment or loss of sight," followed by a list of injuries and the amount contracted to be paid for each, which included a stated sum for the loss of sight of one eye, which list was followed by article II providing that " If such injury shall not result in any of the losses enumerated in Article I, but shall immediately, totally, and continuously disable and

prevent the Insured from attending to any and every kind of duty pertaining to his occupation, the Company will pay him the weekly indemnity at the rate mentioned above for the entire period during which he is so disabled."

SEARS and DAVIS, JJ., dissent, with opinion.

APPEAL by the defendant, Standard Accident Insurance Company of Detroit, Michigan, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 13th day of May, 1922, upon the verdict of a jury rendered by direction of the court; also from an order entered in said clerk's office on the 24th day of May, 1922, modifying said judgment, and also from an order entered in said clerk's office on the 26th day of May, 1922, denying defendant's motion for a new trial made upon the minutes.

*Kenefick, Cooke, Mitchell & Bass* [*Thomas R. Wheeler* and *William C. Warren, Jr.,* of counsel], for the appellant.

*Goldring & Sherman* [*Carl Sherman* of counsel], for the respondent.

HUBBS, J.:

In consideration of the payment of $50 the defendant issued to the plaintiff its policy, known as " complete disability contract standard edition," for a period of six months. While the policy was in force the insured suffered an injury which resulted in the immediate loss of the sight of one eye and in total disability, within the meaning of the policy. The principal sum to be paid for one injury, as provided in the policy, is $1,500. For the loss of the sight of one eye the sum contracted to be paid is one-half of the principal sum, or $750. For total disability, as provided in the policy, the insurer contracted to pay a weekly indemnity of $30 as long as the total disability continued. The jury has found that the same injury which destroyed the insured's eye produced a total disability by affecting his heart to such an extent that he became totally disabled, within the meaning of the policy.

The insured brought this action to recover damages for a total disability — that is, $30 a week — and has succeeded. The insurer contends that the judgment in favor of the plaintiff should be reversed, because its liability is limited by the terms of the policy to the payment of $750 for the loss of the sight of one eye, for which amount it made an offer of judgment. That is the only question here which we deem of importance.

The policy, on its face, purports to be a " complete disability contract," and provides for the payment of $30 a week in case of total disability, for the entire period of such disability. The insurer contends that there is contained in the policy an exception or condition, which excludes this case from such agreement and limits its liability to the sum of $750. Article I of the policy reads

as follows: " If such injuries shall wholly and continuously disable the Insured from date of accident from performing any and every kind of duty pertaining to his occupation, and during the period of such continuous disability shall result, independently and exclusively of all other causes, in any one of the losses enumerated below, or within one hundred and eighty days from the date of the accident, irrespective of total disability, result in like manner in any one of such losses, the Company will pay the sum set opposite such loss and in addition weekly indemnity as provided in Article II to the date of death, dismemberment or loss of sight."

Following article I there is set forth in the policy a list of injuries and the amount contracted to be paid for each. One reads as follows: " For the irrecoverable and entire loss of sight of one eye, ½ Principal Sum."

At the end of such list of injuries appears the following:
" Weekly Indemnity. .
" Article II.
" total loss of time.

" If such injury shall not result in any of the losses enumerated in Article I, but shall immediately, totally, and continuously disable and prevent the Insured from attending to any and every kind of duty pertaining to his occupation, the Company will pay him the weekly indemnity at the rate mentioned above for the entire period during which he is so disabled."

The insurer contends that, if an injury happens to a policyholder which immediately results in one of the losses set out in the list following article I, it is obliged to pay only the amount set opposite the described injury, and if there is a total disability which results in one of these injuries within 180 days it is obliged to pay for such total disability up to the time it results in " death, dismemberment or loss of sight," which are the only things provided for in such list.

It is argued in this case that the injury immediately resulted in the loss of the eye, and, therefore, that no recovery can be had for total disability under article I. No provision is made in article I for payment for a total disability which occurs simultaneously with the dismemberment or loss of sight. It is only where there is a total disability before dismemberment or loss of sight that weekly indemnity is provided for in that article. If the effect of the injury suffered by the insured had been to totally disable him for a period of ten weeks, and he had then lost the sight of one eye, the insurer concedes that it would have been liable to pay thirty dollars a week for ten weeks because of such total disability.

Article II purports to cover weekly indemnity for total loss of

time.   It is contended by the insurer, however, that it is not liable under that article for a loss on account of total disability, because it is liable under article I for the payment of $750 for the loss of the sight of one eye.   Article II provides:   " If such injury shall not result in any of the losses enumerated in Article I,   *   *   * " the company will pay the weekly indemnity for the entire period of disability.

If such construction of the policy is correct the result is absurd. Under such construction the insured would be entitled to recover weekly indemnity because of the injury which he received if the sight of his eye had not been destroyed, but because it was destroyed he is limited to the recovery of $750.   Such a construction is unreasonable and unfair, and should not be given to the policy unless the words used clearly require it.

The policy, on its face, states that it covers a weekly indemnity for a total loss of time.   It was prepared by the insurer, and, if the insurer is to escape liability under a condition or exception contained in the policy, such condition or exception should be reasonably clear.   If there is doubt or uncertainty about the meaning, the court should adopt the construction which is favorable to the insured, as he had nothing to do with the preparation of the contract.

Article II provides that the insurer will pay the weekly indemnity " if such injury shall not result in any of the losses enumerated in Article I."   It is urged that the injury did result in the loss of the sight of one eye, that such loss is covered by article I, and cannot therefore, be covered by article II.   I am unable to agree with such construction.   The jury has found that the insured was immediately totally disabled as a result of the injury.   The immediate effect of the injury was, not only the loss of the sight of one eye, but a total disability.   Part of the effect of the injury was the loss of an eye.   Nevertheless the result of the injury was more than the loss of the eye.   That was merely a part of the injury, as loss of blood was a part of the effect of the injury.   I think the effect of the injury was loss of blood, cutting of the skin, loss of the eye, and total disability, and that the total effect of the injury was the result of the injury.   The separate items of the injury were mere details, not results.   Suppose a piece of glass had passed through the insured's eye and pierced his brain, causing paralysis and total disability within the meaning of the policy. Could it be held that the loss of the eye was a result of the injury, so that there could be no recovery for the total disability?   To my mind such an inequitable construction of the policy is not required.

The words should be given their ordinary, natural meaning, in view of the purpose of the contract, and to carry out its intent

as that intent would be gathered by an ordinary reader seeking to ascertain the meaning of the policy. In *Kangas* v. *Standard Accident Ins. Co.* (138 Minn. 418; 165 N. W. Rep. 268) this defendant made the same defense that it is making in this case. The wording of the policy in question in that case was slightly different from the wording of the policy involved here. In that case the assured lost the fingers of his right hand and his left arm. He sued to recover for a total disability and the insurer contended, as in this case, that, as the effect of the injury was to cause a dismemberment covered by the schedule of indemnities, he could not recover for total disability. The court said: " Suppose, instead of losing the fingers of his right hand, respondent had, in addition to the loss of his left arm, sustained an injury to his spine which produced an immediate and total paralysis of the lower part of his body and destroyed the use of both feet. An accident policy which would not, in such a case, afford indemnity for the whole loss would be a delusion and a snare."

I advise that the judgment and orders appealed from be affirmed, with costs.

All concur, except Davis and Sears, JJ., who dissent, in an opinion by Sears, J.

Sears, J. (dissenting):

The plaintiff held the defendant company's policy of accident insurance. During the period covered by the policy, the plaintiff sustained an accident resulting in the immediate loss of one eye and other bodily injury which the jury on sufficient evidence found immediately, totally and continuously disabled the plaintiff and prevented him from attending to any and every kind of duty pertaining to his occupation from the date of his accident to the date of the beginning of this action. The question involved is upon the construction of the policy, the defendant claiming that as the loss of the eye was immediate, no weekly sums were payable, while the plaintiff contends that, despite the loss of the eye, he is entitled to weekly payments for total disability as long as such total disability continues.

The premium paid for this policy was $50. The policy states that the principal sum is $1,500 and that the weekly indemnity for total loss of time is $30. The sum payable for the irrecoverable and entire loss of sight of one eye is one-half of the principal sum. It is, of course, unfortunate if the policy must be construed so that a less sum is payable to the claimant because he lost his eye than would be ultimately payable if he had received only the other injuries, and such a result seems both cruel and fantastic; never-

theless the courts cannot make a new contract for these parties, and we must apply to the construction of this contract the same rules as are applicable to other contracts.

The divergent contentions of the parties arise upon two articles of the policy which follow the provision that the defendant insures the plaintiff " against loss resulting from bodily injuries effected directly, exclusively and independently of all other causes through accidental means," etc.   The two articles so far as material are as follows:

" ARTICLE I.

" If such injuries shall wholly and continuously disable the Insured from date of accident from performing any and every kind of duty pertaining to his occupation, and during the period of such continuous disability shall result, independently and exclusively of all other causes, in any one of the losses enumerated below, or within one hundred and eighty days from the date of the accident, irrespective of total disability, result in like manner in any one of such losses, the Company will pay the sum set opposite such loss and in addition weekly indemnity as provided in Article II to the date of death, dismemberment or loss of sight. Only one of the payments named will be made for injuries resulting from one accident.

" DEATH, LOSS OF LIMB OR SIGHT.

" For loss of life. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .Principal Sum
" For loss of both hands by actual severance at or
      above wrist. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .Principal Sum
" *   *   *
" For the irrecoverable and entire loss of sight of
      one eye. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$\frac{1}{2}$ Principal Sum
" For the loss of thumb and index finger of either hand
      (by severance at or above metacarpophalangeal
      joints). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$\frac{1}{3}$ Principal Sum.
" Payment in any such case shall terminate this policy.

" WEEKLY INDEMNITY.
" ARTICLE II.
" TOTAL LOSS OF TIME.

" If such injury shall not result in any of the losses enumerated in Article I, but shall immediately, totally and continuously disable and prevent the Insured from attending to any and every kind of duty pertaining to his occupation, the Company will pay him the weekly indemnity at the rate mentioned above for the entire period during which he is so disabled.

" PARTIAL LOSS OF TIME.

" Or if the Insured shall, by reason of such injury, be immediately, totally and continuously disabled from attending to one or more

important daily duty or duties pertaining to his occupation, either from date of accident or following total disability, the Company will pay him one-half the weekly indemnity above mentioned for a period not to exceed fifty-two consecutive weeks."

Unless we do violence to the language, plaintiff cannot sustain his contention under the 1st paragraph of article II alone, because the payment there provided for is conditional only, the condition being " if such injury shall not result in any of the losses enumerated in Article I." The word " such " refers back to the main clause providing for indemnity against loss resulting from bodily injuries. The condition then is " if the bodily injury insured against shall not result in any of the losses enumerated in Article I." As the irrecoverable and entire loss of sight of one eye is one of the losses enumerated in article I resulting from such bodily injury, the provisions of that article are not available to the plaintiff. To hold otherwise would amount to totally ignoring the first clause. It is elementary that effect must be given, if possible, to all the provisions of a contract as of a statute. ( *Kuhn* v. *Knight*, 190 N. Y. 339; *Hastings* v. *Bankers Accident Ins. Co.*, 140 Iowa, 626.)

Neither can the plaintiff succeed under the provisions of article I for the reason that while weekly indemnity may thereby become payable in addition to the specific sums for death, dismemberment or loss of sight, nevertheless the section clearly provides that such total disability, to be the basis for such a weekly indemnity, must *precede* the date of dismemberment or loss of sight.

It is, however, possible that a claim for partial loss of time might have been made under the 2d paragraph of article II. This clause providing for indemnity for partial loss of time may well be construed as furnishing indemnity in addition to the indemnity for specific losses mentioned in article I, because the 2d paragraph in article II beginning " or if the Insured " may be construed as substitutional for the entire 1st paragraph beginning " If such injury shall not," and, therefore, not limited by the words " If such injury shall not result in any of the losses enumerated in Article I." Neither of the parties has suggested this construction. Such a construction would, however, entitle the plaintiff to recover one-half of the principal sum for the loss of the eye and fifteen dollars a week for not to exceed fifty-two weeks, which might thus equal the entire principal sum mentioned in this policy.

I, therefore, favor a reversal of the judgment appealed from and a dismissal of the complaint, with costs.

DAVIS, J., concurs.

Judgment and orders affirmed, with costs.