NELSON v. GREAT NORTHERN LIFE INSURANCE CO.

INSURANCE—ACCIDENT INSURANCE—CONSTRUCTION OF POLICY—LOSS OF HAND—TOTAL DISABILITY.

> Where injury to insured resulted in amputation of right arm above elbow, it was not loss of hand within meaning of accident policy defining such loss as severance at or above wrist joint, but was loss of arm for which no indemnity was provided, and therefore insured is entitled to indemnity provided for total disability rather than that provided for specific loss of hand; that insured was totally disabled from carrying on business he was formerly engaged in not being disputed.

Error to Gogebic; Driscoll (George O.), J. Submitted January 13, 1931. (Docket No. 80, Calendar No. 35,164.) Decided February 27, 1931.

Assumpsit by Robert A. Nelson against Great Northern Life Insurance Company, a Wisconsin corporation, on an insurance policy for total disability. Judgment for plaintiff. Defendant brings error. Affirmed.

*Leonard J. McManman,* for plaintiff.

*Waples & Waples (Helmer, Moulton, Whitman & Holton,* of counsel), for defendant.

McDONALD, J. This is an action to recover total disability benefits under an insurance policy issued by the defendant, May 27, 1926. The policy schedules the indemnities in two classes. Part "A" provides for certain specific losses, one of which is the loss of a hand dismembered by severance "at or above wrist." Part "B" provides a monthly in-

As to what constitutes total disability within meaning of life insurance policy, see annotation in 38 L. R. A. 529; 23 L. R. A. (N. S.) 352; 29 L. R. A. (N. S.) 635; 34 L. R. A. (N. S.) 126; L. R. A. 1917B, 108; 24 A. L. R. 203; 37 A. L. R. 151; 41 A. L. R. 1376; 51 A. L. R. 1048.

demnity of $100 for partial or total disability. The following provision should be noted:

"No payment of monthly indemnity will be made in case of any loss enumerated in Part A."

At the time the policy was issued, the plaintiff was engaged in the automobile repair business. On November 7, 1929, he was accidentally shot in the right arm, and his injury resulted in an amputation about two and one-half inches above the elbow. Claiming that he was entitled to indemnity under Part "B" of the policy, as for total disability, he began this action to recover $100 per month from the date of accident to the commencement of suit. The defendant contended that its sole liability was under Part "A" for the loss of a hand, which, as there specified, was three-tenths of $2,000, the principal sum of the policy. On the trial, at the close of the plaintiff's case and again when all of the proofs were in, the defendant moved for a directed verdict on the ground that, under the evidence, the plaintiff's damages were recoverable under Part "A" of the policy for the loss of a hand, and that, therefore, he could not recover under Part "B" for total disability. The motion was refused, and the cause submitted to the jury. The plaintiff received a verdict on which judgment was entered. The defendant has brought error.

If the plaintiff lost a hand, he cannot recover for total disability, so, the question to be determined is whether, as a result of his accidental injury, the plaintiff suffered the loss of a hand within the meaning of Part "A" of the policy.

This question can be determined from the language of the policy. It says:

"Loss shall mean, with regard to hands and feet, dismemberment by severance at or above wrist or ankle joint."

Counsel disagree as to the meaning to be given to the word "above." It is claimed by counsel for the defendant that it refers to any place between the wrist and shoulder, from which he concludes that the severance of plaintiff's arm two and one-half inches above the elbow joint constitutes the loss of a hand. The question is not what the word literally or figuratively means, but what was it intended to mean in the connection in which it was used in the policy. It was used in connection with the wrist joint, and it is very apparent that, in so using it, the insurer intended to convey the idea that the wrist joint must be included in the severance or there could be no recovery for the loss of a hand. Above the wrist is here meant just far enough above to include the joint in the severance. It is not meant that severance at the shoulder or above the elbow would constitute the loss of a hand. We think the words used fairly express the purpose of the insurer, which was to limit its liability to the loss of a hand severed in such a way as to include the wrist. In some respects this case is similar to *Kangas* v. *Standard Accident Insurance Co.,* 138 Minn. 418 (165 N. W. 268, L. R. A. 1918 B, 504). In that case, the policy provided for specific losses and for total disability. The plaintiff was accidentally injured by being hurled against and under a passing train in such a manner that his left arm was crushed and the fingers of his right hand mangled. It became immediately necessary to amputate the fingers of the right hand and the left arm near the shoulder. The court stated the issue as follows:

"The decisive question is: Did the total disability give rise to a monthly accident indemnity within the meaning of the policy, or is the plaintiff limited to an indemnity for the specific loss of his left hand, under the provisions of part 2 of the policy?"

There, as in this case, the policy provided that to constitute the loss of a hand it must be severed at or above the wrist joint. The court denied the defendant's contention that plaintiff had lost a hand within the meaning of part 2 of the policy and permitted a recovery for total disability on the ground that he had suffered the loss of an arm for which no provision was made in the policy under the head of specific losses.

So, in the instant case, the plaintiff did not lose a hand within the meaning of Part "A" of the policy. He lost an arm, for which no provision was made in the schedule enumerating indemnity for specific losses. Therefore he is not barred by the policy from recovering for total disability. That he is totally disabled from carrying on the business he was engaged in at the time the policy was issued and at the time of the accident, is not disputed. We find no error.

The judgment is affirmed, with costs to the plaintiff.

BUTZEL, C. J., and CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. WIEST, J., concurred in the result.