No. 42,957

HAROLD E. TAYLOR, *Appellant,* v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Appellee.*

(376 P. 2d 801)

Opinion filed December 8, 1962.

*C. K. Sayler,* of Topeka, argued the cause, and *David H. Fisher, Donald Patterson,* and *Jack Summers,* all of Topeka, were with him on the briefs for the appellant.

*Philip H. Lewis,* of Topeka, argued the cause, and *O. B. Eidson, James W. Porter, Charles S. Fisher, Jr.,* and *E. Gene McKinney,* all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This action stems from a dispute over the amount to be paid for the loss of a leg under the accidental injury provisions of an automobile insurance policy.

The facts material to the issues, all of which were stipulated, may be summarized as follows:

The plaintiff, Harold E. Taylor, carried automobile insurance with the defendant, State Farm Mutual Automobile Insurance Company. The policy contained a special provision designated "Insuring Agreement IV" which made available coverage of "Automobile Accidental Death Indemnity, Specific Disability and Total Disability Insurance."

Insuring Agreement IV was divided into two types of coverage. "Coverage S" covered death, or specific loss (loss of sight or dismemberment). "Coverage T" covered total disability to be paid on a weekly basis but in no event to extend beyond a period of 260 consecutive weeks.

The insured contracted for "Coverage S" but did not contract for "Coverage T." The fact that "Coverage T" was available to the insured but not contracted for by him eliminates such coverage as an issue in this case except as it reflects on the cases cited by the insured in support of his contention. As "Coverage S" presents the policy contract which determines the rights and liability of the parties its provisions will be considered in detail.

Under "Division 1" of "Coverage S" the insurer agrees:

"To pay the principal sum stated as applicable in the exceptions of the declarations in event of the death of each insured which shall result directly and independently of all other causes from bodily injury caused by accident and sustained by the insured while occupying or through being struck by an automobile, . . ."

It is stipulated that the principal sum mentioned in the above quotation was $5,000.00.

Under "Division 2" of "Coverage S" the insurer agrees:

"To pay the highest amount stated as applicable in the Schedule, for loss

as enumerated therein, in the event of bodily injury caused by accident and sustained by the insured while occupying or through being struck by an automobile, . . ."

"Division 2" provides further:

"The company's limit of liability shall not exceed the applicable amount as stated in the schedule for each insured who sustains bodily injury in any one accident."

The schedule provides for payments as follows:

| "For Loss of | If Applicable Principal Sum in the Exceptions of the Declarations Is | |
| --- | --- | --- |
| | $5,000.00 | $10,000.00 |
| "Both hands or both feet or sight of both eyes | $5,000.00 | $10,000.00 |
| One hand and one foot | 5,000.00 | 10,000.00 |
| Either hand or either foot and sight of one eye | 5,000.00 | 10,000.00 |
| Either hand or either foot | 2,500.00 | 5,000.00 |
| Sight of one eye | 2,500.00 | 5,000.00 |
| Thumb and index finger of any three fingers of same hand | 1,500.00 | 3,000.00 |
| Any two fingers of same hand | 1,000.00 | 2,000.00" |

The policy contains the following definitions:

"Loss—means with regard to hands and feet, actual severance through or above wrist or ankle joints; with regard to eyes, entire and irrecoverable loss of sight; with regard to thumb and fingers, actual severance through or above metacarpophalangeal joints."

The insured was injured in an automobile accident resulting in the amputation of his left leg approximately midway between the hip and knee. The policy was in force and effect at the time of the accident and there was compliance with all necessary requirements as to notices and proof of loss. The insurer tendered the insured the sum of $2,500 before the action was commenced and the tender was continued. The insured contended that the loss of a leg above the knee is not the same as the loss of a foot and that he was therefore entitled to the "principal sum" of $5,000.

The controversy was submitted to the district court on an agreed stipulation, which the court adopted as its findings of fact and concluded as a matter of law:

"1. Plaintiff can only expect to recover under Coverage S. This was the contract made between plaintiff and defendant.

"2. There is no ambiguity in the contract.

"3. Judgment is for plaintiff for $2,500.00. Costs are taxed to plaintiff."

Thereupon the insured perfected the instant appeal.

In this court appellant continues his contention that the loss of a leg is not the same as the loss of a foot and that he is therefore entitled to the principal sum. He also contends that the policy is ambiguous.

Appellant makes no independent argument in support of his contention but relies on quotations from three decisions. The cases do not support his contention. Their distinguishing features will be discussed later.

There appear to be no decisions interpreting the provisions of an insurance policy such as we have before us. However, the terms of the policy appear to be clear and unambiguous. The appellant seeks to recover the principal sum ($5,000) because of the dismemberment. There is no provision in the policy justifying such a construction. The term "principal sum" as used in "Coverage S", "Division 1" is payable only on the death of the insured. It has no application to "Division 2" except to determine which of the two columns in the Schedule will be applicable to the scheduled losses. It serves no other function and has no other application to loss by dismemberment.

The appellant's right to recover must be governed by the schedule. The schedule covers the loss of a foot. There was no additional coverage for loss of a leg. The loss of the leg carried the loss of a foot. The principal sum was $5,000.00. The plaintiff's recovery was limited to $2,500.00 under the clear and unambiguous terms of the policy.

The case of *Federal Life Ins. Co. v. Bollinger,* 100 Ind. App. 222, 193 N. E. 681, pertaining to the loss of an arm, covers issues similar to those in the present case except additional coverage for total loss of time was involved. In so far as here material the court stated:

"Clause (b) Part III of the policy sued upon, which we have heretofore set out, clearly covers the loss described in the second paragraph of the complaint, to-wit: The loss of either hand, provided the loss was sustained as the result of an accident as specified in said clause (a) of Part III as provided in the policy. The substance of the demurrer addressed thereto has been heretofore set out. We think the allegations of the said paragraph of complaint bring it within the policy provisions. There was no error in the ruling on the demurrer filed thereto." (pp. 230 and 231.)

The appellant's argument in support of his contention consists of quotations from the cases of *Borglund v. World Ins. Co.,* 211 Or. 175, 315 P. 2d 158; *National Life & Accident Ins. Co. v. Davies,* 34 Ala. App. 290, 39 So. 2d 697, Certiorari to Court of Appeals denied in

252 Ala. 107, 39 So. 2d 703; *Nelson v. Great Northern Life Ins. Co.,* 253 Mich. 351, 235 N. W. 180.

The cases just cited are clearly distinguishable from the case at bar on the facts and issues presented.

In the *Borglund* case the schedule contained a provision for loss of "either foot." The insured sustained a loss of a leg. The same situation existed in the *Davies* case. In the *Nelson* case the schedule contained a provision for the loss of a hand. There the insured sustained a loss of the arm. In all three cases the policy contained additional coverage for total disability.

In neither case did the court permit additional recovery under the schedule coverage because of the loss of the limb. Recovery was allowed under the total disability provision. Had the appellant in this case contracted for total disability coverage as permitted by "Coverage T" of the policy the cases cited would be in point.

Since the appellant contracted for no coverage except death or, as material here, the loss of a foot, there can be no additional allowance for the loss of a leg. The enumerated loss does not vary with the distance above the ankle where the severance occurred.

We find nothing in the record to warrant or permit a reversal of the trial court's judgment. Therefore such judgment must be affirmed and it is so ordered.